IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

JOHN T. HARMON,

    Plaintiff,

VS.

                      1 : 09-CV-136 (WLS)

JOSE MORALES, *et al.*,

    Defendants.

## ORDER AND RECOMMENDATION

The plaintiff filed this action pursuant to 42 U.S.C. § 1983 on September 4, 2009, alleging that on three (3) separate occasions during his incarceration at Calhoun State Prison, the defendant corrections officers carried out acts of retaliation against him. Presently pending herein are motions to dismiss and to stay discovery filed by the defendants, as well as a motion for default and a motion to amend filed by the plaintiff.

*Motion for Default Judgment*

In the presently pending Motion for Default Judgment, filed by the plaintiff on January 28, 2010, the plaintiff continues to argue that the defendants have failed to comply with court orders and directives and that he is therefore entitled to the entry of default judgment. By order and recommendation dated December 22, 2009, U.S. Magistrate Judge Claude Hicks ruled on defendants' Waiver of Reply and directed the defendants to file a response to the plaintiff's complaint. (Doc. # 18). After seeking and receiving additional time in which to file a responsive pleading or other motion, the defendants filed a Motion to Dismiss on February 10, 2010, as permitted under Rule 12 of the Federal Rules of Civil Procedure. Inasmuch as the defendants have

filed a proper response to plaintiff's complaint, there is no basis for the entry of default or default judgment based on defendants' response to either court directives or to plaintiff's complaint at this time. Therefore, it is the recommendation of the undersigned that the plaintiff's Motion for Default Judgment be **DENIED**. (Doc. 20).

*Motion to Amend*

Plaintiff has filed a Motion to Amend (Doc. # 29), wherein he seeks to clarify the claims set out in his original complaint and add claims of excessive force Eighth Amendment violations. Plaintiff signed this motion on March 14, 2010, and actually filed the motion on March 22, 2010, thirty-two (32) days and forty (40) days respectively following the filing of defendants' first Motion to Dismiss on February 10, 2010. Pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure,

> [a] party may amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Inasmuch as the plaintiff failed to execute and file his Motion to Amend within 21 days of the filing of defendants' Motion to Dismiss, his Motion to Amend cannot be granted under Rule 15(a)(1).

Pursuant to Rule 15(a)(2),

> [i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Plaintiff's proposed amendment appears to be a clarification of the claims set forth in his original complaint, specifically clarifying that he is pursuing claims of excessive force against the defendants. Inasmuch as the plaintiff provided the factual basis for the excessive force claims in his original complaint, setting out the alleged facts of beatings by corrections officers, the court will

2

allow the plaintiff to amend his complaint to clarify that he seeks to recover against the defendants on the basis of excessive force claims under the Eighth Amendment. Accordingly, the plaintiff's Motion to Amend is hereby **GRANTED**, pursuant to Rule 15(a)(2), and the plaintiff's original complaint is deemed amended to include alleged Eighth Amendment violations.

*Motions to Dismiss*

The defendants have filed two (2) motions to dismiss, the first in response to the plaintiff's original complaint and the second in response to plaintiff's amended complaint. Defendants' second Motion to Dismiss was filed in anticipation of the plaintiff's Motion to Amend being granted, and no further response from the defendants to plaintiff's amended complaint is necessary.

A motion to dismiss can be granted only if Plaintiff's complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level". *Bell Atlantic Corp. V. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 556, 570).

Both of defendants' motions to dismiss rest initially on the assertion that plaintiff has failed to exhaust his administrative remedies as required by the PLRA. The PLRA mandates that all prisoners wishing to bring suits pursuant to § 1983 based on conditions of confinement violations must exhaust all available administrative remedies prior to filing a federal action. The Act provides

3

that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e (a). In order to satisfy the exhaustion requirement, an inmate must fully pursue all available administrative remedies, including pursuing and completing all levels of appeal. *Moore v. Smith*, 18 F. Supp. 2d 1360, 1363 (N.D.Ga. 1998); *Harper v. Jenkin*, 179 F.3d 1311 (11th Cir. 1999) (inmate who failed to seek leave to file an out-of-time grievance failed to exhaust his administrative remedies as required by the PLRA). An inmate must use all steps in the administrative process and comply with any administrative deadlines and other critical procedural rules before exhaustion is proper. Thus, if an inmate has filed an "untimely or otherwise procedurally defective administrative grievance or appeal", he has not properly exhausted his administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 89-92 (2006).

> The Eleventh Circuit has held that
>
>> deciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process. First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. . . . If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion.
>
> *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008).

Herein, the allegations in plaintiff's complaints as well as in his response to the defendants' motions to dismiss conflict with the defendants' version of exhaustion of administrative grievances, in that,

4

the plaintiff claims that he did file grievances against these defendants regarding the events underlying this lawsuit. Thus, the court must make specific findings regarding the disputed factual issues and "decide whether under those findings the prisoner has exhausted his available administrative remedies." *Id.* at 1083.

The defendants maintain, supported by the affidavit testimony of Deputy Warden of Care and Treatment at Calhoun State Prison Christine Cross, that the plaintiff filed only two (2) grievances between the time of the alleged actions of the defendants in June 2009 and the filing of this complaint. According to Cross and the supporting documentation regarding plaintiff's grievances, neither of these two (2) grievances directly attack or concern behavior of the defendants. Additionally, each of these two (2) grievances was filed within weeks and days of the filing of plaintiff's complaint herein, making it impossible for the plaintiff to have fully exhausted the claims raised in the grievances prior to initiating this lawsuit. *See Jones v. Bock*, 549 U.S. 199, 202 (2007) (PLRA requires prisoners to exhaust prison grievance system before filing suit.). Plaintiff's grievance history shows that he filed three (3) informal and five (5) formal grievances while confined at Calhoun State Prison. (Doc. 24-4).

Although the plaintiff argues that he did in fact file grievances regarding each alleged act of retaliation and excessive force by the defendants, and provides dates for these grievance filings, he has not supported his allegations with any form of evidentiary support. The court notes that the plaintiff has submitted copies of informal grievance receipts, but none of these appear to correspond with subsequently filed and documented formal grievances regarding the alleged acts of retaliation and/or excessive force set out by the plaintiff. The remainder of plaintiff's evidence consists of plaintiff's handwritten statements regarding the alleged acts of retaliation and excessive force and letters plaintiff allegedly drafted to prison officials regarding general problems with the grievance

5

system.  Thus the court is left with the plaintiff's unsupported, unsworn allegations regarding grievance filings against defendants' documented and supported showing of a total lack of relevant grievance filings.  In making factual determinations regarding exhaustion, the court finds that plaintiff has not exhausted his administrative remedies.  The facts revealed by the defendants' motions to dismiss show that the plaintiff clearly failed to fully exhaust the administrative grievance system regarding the claims underlying this lawsuit.  To the extent that the plaintiff argues that administrative remedies were somehow "unavailable" to him, his grievance history, submitted by the defendants, does evidence that the plaintiff was able to file numerous formal grievances while housed at Calhoun State Prison, although none of these address the claims underlying this lawsuit.

Inasmuch as the plaintiff's claims remain unexhausted, this § 1983 action based thereon is barred.  *Brown v. Sikes*, 212 F.3d 1205, 1207 (11th Cir. 2000) ("when a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit.").  Accordingly, it is the recommendation of the undersigned that both the defendants' first Motion to Dismiss and Motion to Dismiss Plaintiff's Amended Complaint be **GRANTED**.

*Motion to Stay*

In conjunction with their Motion to Dismiss, the defendants have filed a Motion to Stay the discovery period pending a ruling on their Motion to Dismiss.  (Doc. # 35).  Defendants' motion is **DENIED** as moot, inasmuch as the discovery period expired herein on or about May 10, 2010.


Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable W.  Louis Sands, United States District

6

Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this recommendation.

**SO ORDERED and RECOMMENDED**, this 25th day of June, 2010.

*s/ THOMAS Q. LANGSTAFF*

**UNITED STATES MAGISTRATE JUDGE**

asb